UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **AMBERTON APARTMENTS JV** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 5:20-cv-1065** |
| **ASI LLOYDS and** | § | |
| **IAS CLAIM SERVICES, INC.** | § | |
| *Defendants* | § | |

## DEFENDANT ASI LLOYDS' NOTICE OF REMOVAL

Defendant ASI Lloyds ("ASI") hereby removes this lawsuit, which is currently pending in the District Court for the 37th Judicial District of Bexar County, Texas, Cause No. 2020CI13481, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship, and would respectfully show the Court as follows:

### PROCEDURAL BACKGROUND

1.     On or about July 23, 2020, Plaintiff filed Plaintiff's Original petition in the matter styled Amberton Apartments JV vs. ASI Lloyds and IAS Claim Services, Inc., Cause No. 2020CI13481, in the 37th Judicial District Court, Bexar County, Texas. *See Plaintiff's Original Petition and Requests for Disclosure. See* **Exhibit A**.  Plaintiff's suit alleges contractual and extra-contractual claims stemming from a storm event that occurred on or about April 12, 2016.  *See Id.*

2.     In Plaintiff's Original Petition, Plaintiff pled for damages exceeding $1,000,000.00. *See id.*, at §§ XI – XIV.

3.     Plaintiff has demanded a jury trial. *Id.*, at page 10.

1

4.     The State Court's Record Search including Case History for this matter is attached herein.
*See* **Exhibit B.**

5.     ASI Lloyds' registered agent received the citation and petition on August 18, 2020. *See id.*

6.     Defendant ASI has not answered the suit in state court. *See id.*

7.     Defendant IAS Claims Services, Inc. has not answered or made an appearance in the state court lawsuit. *See id.*

8.     Defendant ASI now files this Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b).

GROUNDS FOR REMOVAL

9.     This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states.  Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

     **A.     Parties are Diverse**

10.    Here, Plaintiff affirmatively alleges in its state court petition that it is a Texas Business entity and it is the named insured for the apartment complex located at 6000 Randolph Boulevard, San Antonio, TX 78233. *See* **Exhibit A,** at § I.  Plaintiff has not pled any other facts regarding its citizenship. *See Id.* Based on said representations, information and belief, Defendant asserts that Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is the State of Texas.

11.    Defendant, ASI Lloyds, was, and on the date of this Notice remains, an association of underwriters.  The individual underwriters are as follows: John Auer, Tanya Fjare, Kevin Milkey, Edwin Cortez, Jeff Hannon, Pat McCrink, Kellie O'Nuallain, Weston Walker, Kevin Turner, and David Pratt.  Each of these underwriters is a citizen of the State of Florida. "The United States

Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as ASI Lloyds] is determined…solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).  Accordingly, ASI Lloyds is not a citizen of the State of Texas.

12.     While Plaintiff's state court Petition alleges that Defendant IAS Claims Services, Inc. is a "Texas corporation", Defendant IAS Claims Services, Inc. has not answered or otherwise made an appearance in the state court case. *See* **Exhibit A,** at § I; *see also* **Exhibit B.**  Assuming arguendo IAS Claims Services, Inc. is a citizen of Texas for diversity purposes, ASI pleads in the alternative that Defendant IAS Services, Inc. has been fraudulently joined in this action.  Plaintiff's state court petition includes claims against IAS Services, Inc. for violations of the Texas Insurance Code and the DTPA.

13.     In *Aguilar v. State Farm Lloyds*, a case similar to this one, the insured was dissatisfied with the adjustment of their claim for wind and hail damage and filed a lawsuit in state court against State Farm and the adjuster alleging fraud, conspiracy, and violations of the Texas Insurance Code. *See Aguilar v. State Farm Lloyds*, 2015 WL 5714654 (N.D.Tex. – Ft. Worth, Sept. 28, 2015). Defendant State Farm removed the lawsuit to federal court asserting the adjuster was improperly joined and the insured then sought to have the case remanded.  The federal court denied Plaintiff's motion to remand, noting that adjusters (in this case IAS Services, Inc.) have no contractual relationship with the insured, do not owe a common law duty of good faith and fair dealing, and that any cause of action under the Texas Insurance Code must be based on an act prohibited by statute.  Here, Plaintiff's claims against ASI Lloyds and IAS Services, Inc. are similar to those of

3

the Plaintiff in *Aguilar*.  As such, there is no basis for remand in the instant matter.

**B. Amount in Controversy**

14.     The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).  The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."  *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

15.     Here, the amount alleged to be in controversy exceeds $75,000. *See* **Exhibit A,** at §§ XI – XIV. Plaintiff's Original Petition clearly states that Plaintiff seeks damages in excess of one million dollars. *See Id.*  This evidence clearly demonstrates that, at the time of removal, the amount in controversy exceeds $75,000 and is within the jurisdictional limits of this Court.

## REMOVAL IS PROCEDURALLY PROPER

16.     This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

17.     Venue is proper in this Court under 28 U.S.C. §1441(a) because the District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed and where a substantial part of the events giving rise to the Plaintiff's claim occurred.

18.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached herein as Exhibit A.

19.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the District Clerk of Bexar County.

**PRAYER FOR RELIEF**

Defendant ASI Lloyds prays that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant Defendant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**McCOY LEAVITT LASKEY, LLC**
20726 Stone Oak Parkway, Suite 116
San Antonio, Texas  78258
(210) 446-2828
(262) 522-7020 (FAX)

BY:  _/s/  R. Brad McGann_____
  MICHAEL I. RAMIREZ
  State Bar No. 24008604
  E-mail: mramirez@mlllaw.com
  R. BRAD McGANN
  State Bar No. 24088020
  E-mail: bmcgann@mlllaw.com
  ALYSSA P. WICKERN
  State Bar No. 24079571
  Email: awickern@mlllaw.com

**ATTORNEYS FOR DEFENDANT ASI LLOYDS**

.

**CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing instrument was served on the following counsel this 8th day of September 2020, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via electronic service to:


Robert Loree                                      *Via Email*: rob@lhllawfirm.com
LOREE & LIPSCOMB
The Terrace at Concrord Park
777 Sonterra Blvd.,
Suite 320
San Antonio, Texas 78258
Phone: (210) 404-1320
Fax: (210) 404-1310
***Counsel for Plaintiff***


*/s/ R. Brad McGann*
MICHAEL I. RAMIREZ
ROBERT BRADLEY McGANN

**6**